IN THE UNITED STATES DISCTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORINE TERMONIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: |
| v. ) | |
| ) | |
| BRANDYWINE SCHOOL ) | TRIAL BY JURY DEMANDED |
| DISTRICT, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

## THE PARTIES

1. The plaintiff, Corine Termonia (hereinafter referred to as "plaintiff") was at all times relevant to this complaint a resident of New Castle County, Delaware.

2. The defendant, Brandywine School District (hereinafter referred to as "the district") is an entity organized and existing under the laws of the State of Delaware, 14 Del.C. §1001, et.seq., which may be served at the office of the Superintendent at the District's Official Office, located at 1000 Pennsylvania Avenue, Claymont, Delaware 19703.

## JURISDICTION

3. This Court has jurisdiction based upon the existence of a question arising under the laws of the United States of America. This action arises under Title VII, of the Civil Rights Act of 1954, 42 U.S.C. §2000e, et.seq., as amended by the Civil Rights Act of 1991, §704, Title VII, and 42 U.S.C. §1983. Accordingly, this Court has jurisdiction of the controversy based upon the provisions of 42 U.S.C. §2000e-5(f)(3) as well as 28 U.S.C. §§1331 and 1334.

## VENUE

4.  The unlawful employment practice alleged herein was committed within the State of Delaware. Accordingly venue lies in this Court, under 42 U.S.C. §1339(b).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.  Prior to the filing of this action, the plaintiff timely filed a written charge of national origin discrimination simultaneously with the Delaware Department of Labor and the Equal Employment Opportunity Commission on September 15, 2004 (a copy of which is attached hereto as Exhibit No. 1), alleging the discriminatory conduct, which occurred not more than 300 days prior to the date of the filing of the charge and continuing through August 26, 2004, constituting a continuing course of conduct by the defendant.

6.  Thereafter, on February 14, 2006, the Equal Employment Opportunity Commission issued to the plaintiff a "Dismissal and Notice of Rights" letter otherwise known as a "Right to Sue Letter", which was received by the plaintiff on or about February 17, 2006 (a copy of that "Dismissal and Notice of Rights" letter is attached hereto as Exhibit No. 2).

## FACTS

7.  The plaintiff was first employed by the district in 1991.

8.  The plaintiff received her education in France, having received a Master of Laws Degree at the Faculte' de Droit University, Nice, France, in 1975.

9.  The plaintiff received an advanced degree, consisting of a Master of Arts Degree from the University of Delaware in 1999.

10. The plaintiff completed all of the coursework necessary for the issuance of a "Delaware Administrative-Secondary School Principal Certification", upon the hiring by the defendant as an administrator.

11. During the period of 1995 through 1998, the plaintiff was the lead teacher for foreign languages, designing and organizing Delaware Foreign Language Olympics.

12. In 1996 the plaintiff was designated a Distinguished Teacher by the White House Commission on Presidential Scholars, and in 1997 was selected Delaware's Foreign Language teacher of the year.

13. In the year 2000, the plaintiff was selected as a team member for the National Board for Professional Teaching Standards.

14. The plaintiff has been selected and has administered and been awarded National Education grants for teaching.

15. During the applicable period of time, within 300 days of the filing of the charge herein, the plaintiff has applied on numerous occasions for administrative positions with the defendant.

16. As a part of that application process, the plaintiff received, from various individual district administrators and various principals, not involved in any of the selection process recommendations commending her for her organizational skills and administrative abilities.

17. During the period of time that the plaintiff was applying for an administrative position, administrators of the district were heard to state that as a native of France and a French language teacher, she would never receive an administrative position.

18. Employees of the district who applied for the same positions as the defendant, and were awarded the positions, were less qualified than the plaintiff, and in many instances, had not completed the necessary coursework for the issuance of the required certification for the relevant positions, and/or did not possess a Masters Degree.

19. The district has stated that, on some occasions, the reason the plaintiff was not awarded a position as an administrator and/or principal was that she was not the most qualified applicant, despite the fact that the persons who were awarded such positions, were either less qualified than her, or did not have the requisite statutory certification for the positions.

20. The reasons stated by the district for not awarding to the plaintiff the administrative positions for which she applied are pretextual reasons for discrimination shown by the varying and inconsistent reasons stated by the district for not awarding such administrative and/or principal positions to the plaintiff.

21. As a direct and proximate result of the discriminatory conduct by the district, towards the plaintiff, the plaintiff has suffered a significant loss of income, and future earnings.

22. As a further and direct proximate result of the discriminatory conduct by the district, directed toward the plaintiff, the plaintiff has suffered, and will suffer in the future loss of prestige, professional recognition, as well as pain, suffering and mental anguish

.

## COUNT I

### Discrimination Under 42 U.S.C. §2000e

23.    The plaintiff incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 22.

24.    The district has discriminated, as well as treated the plaintiff differently than similarly situated native born Americans, in that the plaintiff has been denied promotions and advancement based upon her national origin, all in violation of 42 U.S.C. §2000e-2.

## COUNT II

### Retaliation Under 42 U.S.C. §2000e-3

25.    The plaintiff's incorporates herein and makes a part hereof the allegations contained in paragraphs 1 through 24.

26.    After the plaintiff was denied several promotions, the plaintiff complained to the administration about the failure of the administration to promote her to an administrative and/or principal's position.

27.    The defendant has, since the plaintiff's protected actions, changed her job description to that of an "unassigned teacher".

27.    The actions of the district, described herein, towards the plaintiff in further denying the plaintiff professional advancement and promotion, were a result of the plaintiff's expressed opposition to and claims of employment discrimination, and as such were retaliatory in violation of 42 U.S.C. §2000e-3.

WHEREFORE, the plaintiff's requests this Court to enter a judgment in her favor and against the defendant district as follows:

a. Declare the conduct engaged in by the district to be in violation of the plaintiff's statutory rights.

b. Ordering the promotion of the plaintiff to an administrative and/or principal position at the time of the next available opening, commensurate with her time, experience, abilities, and credentials.

c. Award to the plaintiff back pay, front pay, and other monetary damages to compensate her for pecuniary losses, which she has suffered in the past and which she will suffer in the future as a result of the wrongful conduct of the district.

d. Award the plaintiff, back pay compensation for her pecuniary losses from the date of the wrongful conduct described herein until the date of the judgment, plus pre-judgment and post-judgment interest.

e. Award the plaintiff sufficient funds to compensate her for her losses, pain and mental anguish that cannot otherwise be compensated by equitable relief. \

f. Award the plaintiff compensatory and punitive damages not otherwise specified.

g. Award the plaintiff reasonable attorney fees and the cost of this action, pre-judgment and post-judgment interest.

h. Award the plaintiff any and all other damages, which would make the plaintiff "whole".

i. Award the plaintiff such other and further relief that this Court deems just and proper.

                                      ABER, GOLDLUST, BAKER & OVER

                                       /s/ Gary W. Aber  
                                      GARY W. ABER (DSB #754)  
                                      First Federal Plaza, Suite 600  
                                      702 King Street, P.O. Box 1675  
                                      Wilmington, DE  19899  
                                      302-472-4900  
DATED:  May 4, 2006                Attorney for Plaintiff

js 44
(REV. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papaers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpsoe of initiating the civil docket sheet. (SEE INSTRUCTIONS OF THE REVERSE OF THE FORM.)

| I (a) PLAINTIFFS<br><br>**CORINE TERMONIE**<br><br>**b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __New Castle__<br>(EXCEPT IN U.S. PLAINTIFF CASES) | DEFENDANTS<br><br>**BRANDYWINE SCHOOL DISTRICT**<br>COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __NewCastle__<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|
| **(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)<br>Gary W. Aber, Esquire, Aber, Goldlust, Baker & Over, 702 King Street, Suite 600, Wilmington, DE 19801 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☐ 1 U.S. Government  ☒ 3 Federal Question
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicated Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | incorporated or Principal Place Of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION
(CITE THE U S CIVIL STATUE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTION STATUES UNLESS DIVERSITY)
**42 U.S.C. §2000e**

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 160 Stockholders Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability | **PERSONAL INJURY**<br>☐ 362 Personal Injury-- Med Malpractice<br>☐ 365 Personal Injury -- Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Property Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS -- Third Party 26 USC 7609 | ☐ 422 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Acts<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statues<br>☐ Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Equipment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☒ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>Habeas Corpus:<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Right | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  Transferred from ☐ 5 another district (specify)  ☐ 6 Multidistrict Litigation  Appeal to District ☐ 7 Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P 23  ☐
**DEMAND $**
Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER
_____

DATE
May 4, 2006

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

# INSTRUCTIONS FOR ATTORNEYS COMPLETING; CIVIL COVER SHEET FORM JS-44

Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs - Defendants**.  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abreviations.  If the plaintiff or defendant is an official within a govenrment agency, identify "first the agency and then the official, giving both name and title.

(b)County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c)Attorneys.  Enter firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shwon below.

United States plaintiff.  (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) Where the plaintiff is suing the United States, its officers or agencies, place an X in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different state.  When Box 4 is checked, the citizenship of the different parties. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.**  This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Cause of Action.**  Report the civil statue directly related to the cause of action and give a brief description of the cause.

**V. Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**VI. Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the disctirct court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate's decision.

**VII. Requestd in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunctionn.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS-44 is  used to reference relating pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

(rev. 07/89)

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 06-294

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A*
## *UNITED STATES MAGISTRATE JUDGE*
## *TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __2__ COPIES OF AO FORM 85.

__5/4/06__                    __/s/ Jce Bartoff__
(Date forms issued)           (Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action