IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORINE TERMONIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 06-294 SLR |
| v. | ) |
| | ) TRIAL BY JURY DEMANDED |
| BRANDYWINE SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, by and through the undersigned counsel, hereby answers Plaintiff's Complaint as follows:

## THE PARTIES

1. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding her residence.

2. Admitted. By way of further answer, the Board of Education of the Brandywine School District is the properly named defendant in this suit.

## JURISDICTION

3. This paragraph states a legal conclusion for which no response is required.

## VENUE

4. This paragraph states a legal conclusion for which no response is required. By way of further answer, Defendant denies engaging in any unlawful practice or conduct, and all claims of employment discrimination based on national origin, retaliation, or any other basis are expressly denied in their entirety.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Upon information or belief, it is admitted that Plaintiff filed charges of national origin discrimination with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"). By way of further answer, Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding the alleged timeliness of any such filings. Defendant denies engaging in any discriminatory conduct or in any continuing course of conduct, and all claims of employment discrimination based on national origin, retaliation, or any other basis are expressly denied in their entirety.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 6. Otherwise denied.

## FACTS

7. Admitted.

8. Upon information or belief, it is admitted that Plaintiff received her education in France as alleged in Paragraph 8.

9. Upon information or belief, it is admitted that Plaintiff received an advanced degree from the University of Delaware as alleged in Paragraph 9.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 10.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations that she was the lead teacher of foreign languages or the nature of her role in the Delaware Foreign Language Olympics as alleged in Paragraph 11. By way of further answer, the Delaware Foreign Language Olympics is not associated with the Brandywine School District.

12. Upon information or belief, it is admitted that Plaintiff received the designations in 1996 and 1997 as alleged in Paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations in Paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations that she was selected, administered or awarded national education grants for teaching. By way of further answer, school principals in the Brandywine School District, not teachers, are solely responsible for administering grants that have been awarded to their schools.

15.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations that she applied on numerous occasions for administrative positions within 300 days of the filing of any charge. By way of further answer, Defendant admits that Plaintiff applied for and was properly considered for administrative positions within the Brandywine School District. All other allegations are otherwise denied.

16.     Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations that she received commendations for her organizational skills and administrative abilities from various district administrators and various principals. Otherwise denied.

17.     Denied.

18.     Denied.

19.     Defendant admits that the Plaintiff was not the most qualified applicant for any of the administrative or principal positions for which she applied. Defendant denies that the persons who were awarded any such positions were either less qualified than the Plaintiff, or did not have the requisite statutory certifications. Plaintiff's other self-serving allegations are denied in their entirety.

20.     Denied.

21.     Denied.

22.     Denied.

## COUNT I

### Discrimination Under 42 U.S.C. §2000e

23.   Defendant incorporates, repeats and re-alleges its responses to Paragraphs 1 through 22 as though fully set forth herein.

24.   Denied. By way of further answer, this paragraph states a legal conclusion as to which no response is required.

## COUNT II

### Retaliation Under 42 U.S.C. §2000e-3

25.   Defendant incorporates, repeats and re-alleges its responses to Paragraphs 1 through 24 as though fully set forth herein.

26.   Upon information or belief, Defendant admits that Plaintiff had a discussion with Ms. Doris Stevenson concerning Plaintiff's application for administrative and/or principal positions. Otherwise denied.

27.   Denied.

28.   Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because at all times Defendant made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by her failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived or is estopped from asserting her claims.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant would have made the same decisions and taken the same actions toward Plaintiff absent any alleged consideration of any allegedly impermissible motivating factor.

DB02:5381284 1    056569 1012

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant had, in effect at all relevant times, a procedure for employees to address claims of discriminatory or retaliatory treatment, and Defendant exercised reasonable care to prevent and properly correct any discriminatory or retaliatory treatment, but Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

WHEREFORE, Defendant respectfully requests that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____
Barry M. Willoughby, Esquire (No. 1016)
Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6000
Email: bwilloughby@ycst.com; msquire@ycst.com
*Attorneys for Defendant*

Dated: June 21, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2006, I electronically filed a true and correct copy of the foregoing Answer and Affirmative Defenses, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Gary W. Aber, Esquire
>ABER, GOLDLUST, BAKER & OVER
>702 King Street
>P.O. Box 1675
>Wilmington, DE 19899

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Barry M. Willoughby, Esquire (No. 1016)
Monté T. Squire, Esquire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6666
Email: bwilloughby@ycst.com
*Attorneys for Defendant*

Dated: June 21, 2006