IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORINE TERMONIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.: 06-294 (SLR) |
| v. | ) | |
| | ) | |
| BRANDYWINE SCHOOL | ) | TRIAL BY JURY DEMANDED |
| DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, this case involves confidential information, and the parties believe that certain information in their possession, custody or control, and certain of their documents, which are or will be encompassed by discovery requests, contain confidential personnel and commercial information;

WHEREAS, each party plans to conduct discovery which, unless subject to protective order, will or is likely to require the other to disclose confidential information which is, or may be, relevant to the subject matter of this proceeding;

WHEREAS, each party has consented and agreed to conduct discovery under and be bound by this Confidentiality Stipulation and Protective Order, starting from the dates of the signatures of their undersigned attorneys of record; and

WHEREAS, there is good cause for this Confidentiality Stipulation and Protective Order, and it will not compromise the public interest in any way;

IT IS HEREBY STIPULATED AND AGREED THAT:

1.      This Confidentiality Stipulation and Protective Order governs the handling of "discovery material," which term as used herein means all documents, records, tangible materials, depositions, testimony, exhibits, interrogatories and answers thereto, requests for production and responses thereto, requests for admission and responses thereto, and all other material or information produced, disclosed, served or filed, whether voluntarily or through discovery or other proceedings, including, without limitation, all copies, excerpts, and summaries in connection with this action.

2.      The provisions of this Confidentiality Stipulation and Protective Order shall apply to: (1) the parties to this action; (2) counsel of record for the parties, members of their firms, associate attorneys, and paralegal, clerical, and other regular employees of such counsel who are assisting in the conduct of this action; (3) court reporters; (4) experts or consultants retained by any party; and (5) any person who agrees to be bound by the terms of this Confidentiality Stipulation and Protective Order.  As used herein, "person" includes the named parties and others who have agreed to be bound by this Stipulation and Protective Order.  "Parties" is limited to the named parties in this action.

3.      A party or person who provides, serves, discloses or files any non-public information in connection with this action, and who in good faith believes such discovery material contains trade secrets or non-public technical, commercial, financial, business, personnel or applicant information, is defined herein as the "designator."

4.      During the course of this action, information may be sought from one or more third parties pursuant to subpoenas from courts other than this Court.  The parties agree to execute confidentiality stipulations and protective orders, containing provisions consistent

herewith, with third parties from whom discovery may be sought in this action outside this judicial district.

5.   Confidential information shall be defined for purposes of this Order to include the following:

(a)   Personnel files, employee lists, wage, salary, applicant, or other employment information;

(b)   Any document or information required by contract or agreement to be kept confidential, including settlement agreements.

(c)   Any document or information not described above that the parties agree shall be kept confidential or, in the absence of an agreement, which the Court determines to be confidential.

6.   Confidential information shall be subject to the following restrictions:

(a)   Confidential information shall be used only for the limited purpose of preparing for and conducting this action (including appeals), and not for any other purpose whatsoever, and shall not be given, or otherwise disclosed, in any way to anyone except those specified in paragraph 6(b).

(b)   Confidential information may be disclosed solely for the purposes set forth above, only to:

(1)   The parties;

(2)   Counsel of record for the parties in this action, members of their firms, associate attorneys, paralegal, clerical, and other regular employees of such counsel who are assisting in the conduct of this action;

(3)   The Court, court personnel, and court reporters;

(4)    Persons reasonably designated in good faith by counsel for the purpose of acting as witnesses in this case; or

(5)    Any person to whom the designator agrees in writing.

(c)    All submissions to the Court which incorporate or disclose confidential information shall be labeled and filed with the clerk of court and submitted to the Court in a sealed container with the caption of this action and the words "SEALED - SUBJECT TO PROTECTIVE ORDER" and the following statement:  "This contains [description of contents] which incorporates confidential information, and is not to be opened nor its contents to be revealed to anyone other than authorized court personnel or counsel of record, except by Order of the Court."

7.    Each person to be given access to confidential information pursuant to this Confidentiality Stipulation and Protective Order shall be provided with a copy of this Confidentiality Stipulation and Protective Order and shall be advised that: (a) the confidential information is being disclosed pursuant to and subject to the terms of this Confidentiality Stipulation and Protective Order and may not be disclosed or used other than pursuant to the terms hereof, and (b) that the violation of the terms of the Confidentiality Stipulation and Protective Order (by use of the confidential information in any impermissible manner) may subject the person to punishment for contempt of a Court Order.  Any such person to be given access to confidential information must first read the Confidentiality Stipulation and Protective Order, and must execute, in the form attached hereto as Exhibit A, an agreement to be bound by this Order and to be subject to the jurisdiction of this Court for purposes of the enforcement of this Order.  An executed copy of such agreement shall be served on counsel for the designator and the original shall be retained by counsel giving access to the confidential information.  If

confidential information is to be disclosed during a deposition or trial, the agreement to be bound and subject to the jurisdiction of this Court may be made on the record and under oath, rather than in writing, and any objections may also be made orally.

8.    Confidential information shall be designated as follows:

(a)    In the case of documents, designation shall be made prior to delivery of copies by placing the words "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL," with or without the words "SUBJECT TO PROTECTIVE ORDER," on each page containing confidential information.  Documents may be made available for inspection before being marked confidential.  Once specific documents have been selected for copying, any document containing confidential information may be marked "CONFIDENTIAL" before delivery to the party who inspected and selected the documents.  There shall be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(b)    In the case of written discovery responses, designation shall be made by placing the words "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL," with or without the words "SUBJECT TO PROTECTIVE ORDER," on each page of any such response with the information asserted to be confidential typed in **bold face letters**, or by serving responses containing such information in a separate document where the entirety of such response is to be so designated.

(c)    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains confidential information shall be made by a statement to such effect on the record at any time before the end of each day of deposition is concluded, or by a statement in writing sent to all counsel within twenty (20) business days after receipt of the

transcript.  If the designation is made during a deposition, only persons to whom disclosure of confidential information is permitted under Paragraph 6 shall remain present while confidential information is being used or discussed.  The reporter shall bind the transcript in separate portions containing the non-confidential material and confidential information.  The reporter shall place the words "CONFIDENTIAL INFORMATION" or "CONFIDENTIAL" on the cover of the confidential portions of the transcript.  The parties, and third-party designators when appropriate, may modify this procedure for any particular deposition through agreement on the record at such deposition without further Court order.

9.      No confidential information shall be made part of a public record, except upon prior approval of the Court.  When it is not feasible to present arguments or give evidence before the Court without disclosing confidential information, on the request of any party and with approval of the Court, such confidential information shall be protected as follows:

(a)      Only persons subject to this Order may be present.

(b)      The record of the proceeding conducted shall be maintained separately and filed under seal in accordance with this Confidentiality Stipulation and Protective Order.

10.      A party shall not be obligated to challenge the propriety of the designation of discovery material as confidential information at the time made, and failure to do so shall not preclude a subsequent challenge.

11.      If a party challenges a designation, it shall give notice to the designator, and they shall attempt to reach agreement without resort to the Court.  If the challenge cannot be expeditiously and informally resolved, either the designator or the challenging party may apply for a ruling from the Court in accordance with the Court's Order herein.  The discovery material in issue shall continue to be treated as designated until the Court orders otherwise.

12.     Any designator may, at any time, withdraw the designation of any confidential information identified as such by that designator.

13.     If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the information as confidential information under this Order.  To the extent such information may have been disclosed to persons other than authorized persons described in this document, the receiving party immediately shall so inform the designator and shall make every reasonable effort to retrieve the information promptly from such persons and to avoid any further disclosure to non-authorized persons.

14.     If it should appear as discovery progresses in this proceeding that one or more provisions of this Confidentiality Stipulation and Protective Order are not practicable, or that additional provisions would make it more practicable, then upon agreement of the parties and their attorneys, this Confidentiality Stipulation and Protective Order may be amended by means of a stipulation signed by the attorneys for the parties and approved by the Court.

15.     This Confidentiality Stipulation and Protective Order shall survive and continue to be binding after the conclusion of this action.  The Court shall retain jurisdiction to enforce this Order.

16.     At the conclusion of this action, including any appeals, counsel for the parties are directed to meet jointly in the office of the clerk of court within thirty (30) days from the date of conclusion and remove from the files maintained by the clerk of court all documents filed under seal in this action, including all pleadings and transcripts.  Unless otherwise agreed, counsel for each party shall receive from the clerk of court the documents filed under seal on behalf of their

client or clients. The clerk of court shall cooperate in making available to counsel all such documents filed under seal.

17.    Within thirty (30) days following the conclusion of this action, including any appeals, all discovery material designated as, or reflecting, confidential information and all copies of them, including all copies furnished to persons identified in Paragraph 6(b), and all other documents containing, summarizing or referring to any confidential information, shall be returned by counsel for the receiving party to counsel for the designator or alternatively be destroyed with a certificate provided from the attorney of record certifying such destruction.

18.    Nothing in this Confidentiality Stipulation and Protective Order shall be construed to affect in any way the admissibility or use of any document, tangible thing, testimony, or other evidence at trial, nor shall anything herein be construed to limit in any way a designator's use of its own discovery material or confidential information.

19.    Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information

designated "confidential" pursuant to this order shall promptly notify that party of the motion so

that the party may have an opportunity to appear and be heard on whether that information

should be disclosed.


ABER, GOLDLUST, BAKER & OVER                YOUNG CONAWAY STARGATT & TAYLOR,
                                            LLP


/s/ Gary W. Aber                            /s/ Barry W. Willoughby
Gary W. Aber, Esquire (I.D. No. 0754)       Barry M. Willoughby, Esquire (I.D. No. 1016)
702 King Street, Suite 600                  The Brandywine Building, 17th Floor
P.O. Box 1675                               1000 West Street, P.O. Box 391
Wilmington, DE 19899                        Wilmington, DE 19899
Telephone: (302) 472-4900                   Telephone: (302) 571-6666
Facsimile: (302) (302) 472-4920             Facsimile: (302) 576-3345
E-mail: gaber@gablawde.com                  E-mail: bwilloughby@ycst.com
Attorney for Plaintiff                      Attorneys for Defendant


SO ORDERED, this _____day of _____, 2008


                                    _____
                                    The Honorable Sue L. Robinson

# EXHIBIT A

## AGREEMENT

I, _____, hereby acknowledge that I have received and

read, and agree that I will comply with, the Confidentiality Stipulation and Protective Order in

the action of Riley v. Delaware River and Bay Authority, in the United States District Court for

the District of Delaware, Civil Action No. 05-746 MPT.


Date:_____          Signature:_____